IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEAK PROPERTY AND CASUALTY INSURANCE CORPORATION,  Plaintiff,  v.  PATRICIA BIERMANN, *et al.*,  Defendants. | )  )  )  )  )  )  )  )  )  )  )  )  ) CASE NO. 2:24-cv-00559-RAH-KFP  [WO] |

# MEMORANDUM OPINION AND ORDER

## INTRODUCTION

This is an insurance coverage action. Before the Court is Plaintiff Peak Property and Casualty Insurance Corporation's ("Peak") *Motion for Entry of Default Judgment Against Defendants Patricia Biermann and Ricky Gray* (doc. 22) filed on February 4, 2025. After careful review of the record, and for good cause, the motion will be granted in part, and a judgment by default will be entered against the Defendants.

## BACKGROUND

According to the Complaint, in March of 2022, there was a multi-vehicle chain-reaction motor vehicle accident in the northbound lane of I-65 in Lowndes County, Alabama. Defendant Ricky Gray was operating a tractor-trailer, failed to stop, and crashed into a vehicle in which Lauren Moseley was a passenger. Moseley sued Gray and others in the Circuit Court of Lowndes County, Alabama for

negligence and wantonness.[1]

At the time of the accident, Gray was married to Patricia Biermann, and Biermann had in place an automobile insurance policy with Peak. The Peak policy identified three specific vehicles as insured vehicles—a 2015 Chevrolet Stingray Z5, a 1989 Chevrolet Camaro Sports Coupe, and a 2009 Mercedes-Benz C300. (Doc. 1-7 at 4.) Gray's tractor-trailer, which was owned by his employer, was not an endorsed vehicle on the policy. And further, Gray was specifically identified in the Peak policy as an excluded driver. To that end, Biermann previously had signed a "Named Driver Exclusion Endorsement" that expressly excluded Gray from coverage. (Doc. 1-9 at 2.)

When Peak received notice of the underlying action, it retained an attorney to represent Gray under a reservation of rights. Peak also sent letters and emails to Biermann in an attempt to examine her under oath. Biermann did not respond, nor did she attend any of her scheduled examinations. Peak then filed this lawsuit against Gray and Biermann.[2] To date, neither individual has filed an answer or otherwise defended the case.

On November 13, 2024, Peak sought the entry of a default against Biermann and Gray, (doc. 10), which was entered on November 27, 2025, (doc. 14). Then, on February 4, 2025, Peak filed the instant motion for entry of default judgment. In its motion, Peak seeks a judicial declaration that it has no obligation to defend or indemnify Biermann and Gray in the Moseley action. Neither Biermann nor Gray have filed a response.

---

[1] The action was later removed to federal court.

[2] Moseley was also a defendant in the present action, but she was later dismissed as a party. (Doc. 20.)

## JURISDICTION AND VENUE

The Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, and the parties are citizens of different states.[3] Personal jurisdiction and venue are not contested, and the factual allegations are sufficient to support both.

## STANDARD OF REVIEW

When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). Default judgments are generally disfavored because of the "strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Entry of a default judgment is only appropriate when there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (citation omitted). Under this standard, the complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face, similar to that of a motion to dismiss under Rule 12(b)(6). *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)).

This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration adopted) (internal quotation marks and citation

---

[3] As part of its ongoing obligation to assess whether subject matter jurisdiction exists, the Court previously issued a show cause order and is satisfied that it has jurisdiction. (*See* doc. 26; doc. 27; doc. 28.)

omitted). Further, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## DISCUSSION

Biermann and Gray have failed to respond to or otherwise acknowledge the pendency of this lawsuit against them after being served. Rule 55 governs the procedure for obtaining a default judgment and establishes a two-step procedure. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default, and only then may a court enter a default judgment. Fed. R. Civ. P. 55(a), (b)(2). The Clerk of Court here already has entered a default against Biermann and Gray, and therefore all that remains is for the Court to determine whether the well-pleaded factual allegations support Peak's request for a declaratory judgment. Peak argues that both Gray and the tractor-trailer that he was driving at the time of the accident are not covered under the Peak policy. The Court agrees.

The Complaint and evidentiary submissions establish that Peak issued an automobile insurance policy to Biermann. While Gray is Biermann's spouse, and an "insured person" generally includes "[a] relative" of the insured, the Peak policy expressly excludes Gray as a covered driver. (Doc. 1-7 at 7.) Further, the tractor-trailer that Gray was driving at the time of the accident was not identified on the Peak policy as an insured vehicle. Because Gray, an excluded driver, was operating a non-covered vehicle at the time of the accident, he falls outside the policy's coverage. *See Allstate Prop. & Cas. Ins. Co. v. Rounsavall*, No. 5:24-CV-00359, 2024 WL 3929884, at *2–3 (N.D. Ala. Aug. 23, 2024) (finding insurance company had no duty to defend and/or indemnify a non-listed, noninsured driver driving a noninsured vehicle that was not owned by the policy holder); *cf. State Farm Mut. Auto. Ins. Co. v. Spangler*, 64 F.4th 1173, 1184 (11th Cir. 2023) (analyzing the meaning of the terms and definitions provided in the insurance policy to determine

4

whether a scooter constituted an uninsured motor vehicle under the policy and whether the insurance company owed the policy holder coverage). Therefore, Peak has no obligation to defend and/or indemnify Gray with respect to the Moseley lawsuit.

Peak's motion also requests the Court find that Peak has no duty to defend or indemnify Biermann. This claim was not made in the Complaint, nor was such relief sought. Because a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," Peak's motion will be denied to the extent it requests an express finding concerning the duty to defend or indemnify Biermann. Fed. R. Civ. P. 54(c).[4]

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

1)  The *Motion for Entry of Default Judgment Against Defendants Patricia Biermann and Ricky Gray* (doc. 22) is **GRANTED** to the extent it requests default judgment against Defendants Patricia Biermann and Ricky Gray respective to coverage for Gray under the Peak policy;

2)  The Motion (doc. 22) is **DENIED** in all other respects; and,

3)  A separate judgment will issue.

**DONE** and **ORDERED** on this the 5th day of May 2025.

  _____
  R. AUSTIN HUFFAKER, JR.
  UNITED STATES DISTRICT JUDGE

---

[4] "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).